**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

U.S. SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

ONYX CAPITAL ADVISORS, LLC,
ROY DIXON, JR., and MICHAEL A. FARR,

    Defendants.
_____/

Case No. 10-CV-11633

HONORABLE DENISE PAGE HOOD

**<u>ORDER DENYING MOTION FOR PARTIAL LIFTING
OF THE ASSET FREEZE ORDER
and
DENYING MOTION S FOR INDEMNIFICATION</u>**

**I.    BACKGROUND**

On April 22, 2010, the United States Security and Exchange Commission ("Commission") filed a Complaint against Defendants Onyx Capital Advisors, LLC ("Onyx Capital"), Roy Dixon, Jr. ("Dixon") and Michael A. Farr ("Farr") (collectively "Defendants") alleging eight counts of violating the Securities Act. Dixon is the owner and founding member of Onyx Capital, a private equity firm based in Detroit, Michigan. Dixon is a licensed securities broker and has been employed as a registered representative at a broker-dealer based in Bloomfield Hills, Michigan. Dixon also owns an insurance business named Onyx Financial Group, LLC, located in Detroit, Michigan, as well as numerous rental properties in Detroit and Pontiac, Michigan. (Comp., ¶ 9) Onyx Capital managed assets for three Detroit-area public pension funds through its position as the general partner for the Onyx Capital Advisory Fund I, LP ("Onyx Fund"), a private equity fund. (Comp., ¶ 10) Farr is the President, Chief Executive Officer and sole owner of Second Chance Motors, Inc. and also

controls the operations of two related companies, SCM Credit, LLC and SCM Finance, LLC, both of which provide financing support to Second Chance. (Comp., ¶ 11)

The Court entered an Agreed Preliminary Injunction Order against Defendants on June 4, 2010. (Doc. No. 29) The Preliminary Injunction Order indicated that Dixon "consented to the entry of this Preliminary Injunction Order without admitting or denying the allegations of the Complaint except as to jurisdiction, and without a hearing, argument or adjudication of any fact or law." (*Id.*) The parties waived any right to appeal the Preliminary Injunction Order. (*Id.* at 2) Dixon reserved the right to seek modification of Section II(A) of the Order to request payment of reasonable living expenses, which states:

> IT IS FURTHER ORDERED that all funds and other assets of Defendants Dixon and Onyx Capital, including without limitation all funds and other assets held in the name of either Defendant, all funds and other assets held for the benefit of either Defendant and all funds and other assets under the direct or indirect control of either Defendant, are hereby frozen until the Court's adjudication of this case on its merits or until otherwise ordered by the Court. Defendants' agreement to the entry of this Order, and this Section and subsection, shall not preclude Dixon from requesting that the Court modify this order to provide for the payment of reasonable living expenses. The Commission reserves the right to object to such a request.

(*Id.* at 5)

Dixon filed a Motion for Partial Lifting of the Asset Freeze in order to allow Dixon and Onyx Capital to defend the instant lawsuit and the parallel action in Case No. 10-11941. Dixon also filed subsequent Motions for Indemnification or Advancement of Legal Fees pursuant to the Agreement of Limited Partnership of Onyx Capital Advisory Fund I, LP ("Partnership Agreement"). The Commission opposes the Motions and hearings were held on the matter.

**II.     ANALYSIS**

### A.     Motion for Partial Lifting of the Asset Freeze Order

Dixon seeks a partial lifting the of the Asset Freeze Order agreed to by Dixon. Dixon claims that the Government in the instant case and the Plaintiffs in the related case have "practically unlimited resources at their disposal" and because of the cooperation between the Plaintiffs in both cases, it has become apparent that they have engaged in "two prongs of a lightening approach designed to (i) freeze the Defendants' assets in the civil proceedings-thereby crippling their ability to mount an effective defense; (ii) convict them in the press." (Doc. No. 45, p. 3) As an exhibit to his motion, Dixon attaches pages 24 to 25 of the Partnership Agreement, Section 6.9, No Liability to Partnership or Limited Partners and Section 6.10, Indemnification of General Partner and Others.

The Commission opposes the request first raising the argument that Dixon is not authorized to seek any relief on behalf of the corporate defendant Onyx Capital. The Commission argues that based on the Preliminary Injunction Order, the Court has determined that the assets should be frozen in order to protect the pension funds' investments from further wrongdoing and to preserve the Defendants' assets for any future disgorgement order. The Commission claims that Dixon is not entitled to use his ill-gotten gains to pay for his legal defense and Dixon has not provided any evidence that the frozen funds are needed to pay any legitimate business expenses.

The Commission is correct that Dixon is not allowed to represent the corporate defendant Onyx Capital before the Court. In federal court, only attorneys may represent corporations. 28 U.S.C. § 1654; *United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan*, 416 F.2d 1244, 1245 (6th Cir. 1969). A corporate president may not represent his/her corporation before a federal court. *9.19 Acres of Land*, 416 F.2d at 1245; See also, *Chaltry v. Ollie's Idea, Inc.*, Case No. M-76-26-CA-2, 1980 WL 2078 (W.D. Mich. 1980).

The Court has determined that the assets should be frozen, as agreed to by Dixon. Although Dixon agreed to the entry of the Preliminary Injunction Order without admitting or denying the allegations of the Complaint, the Court has found that an asset freeze is appropriate based on the alleged misconduct involving fraud. The Court has found that the Commission has made a *prima facie* case against Dixon and Onyx Capital of various violations of the securities law. *See* Orders Nos. 9 at 4; 29 at 2)

In an action under the Securities Act, where the Commission seeks disgorgement of ill-gotten gains and not merely money damages, equitable remedies, such as an asset freeze, have been employed to preserve the status quo. *See Deckert v. Independence Shares Corp.,* 311 U.S. 282, 289 (1940); *United States ex rel. Rahman v. Oncology Assoc., P.C.,* 198 F.3d 489, 498 (4th Cir. 1999); *SEC v. ETS Payphones, Inc.,* 408 F.3d 727, 735 (11th Cir. 2005); *U.S. S.E.C. v. Bravata,* 763 F.Supp. 2d 891, 919 (E.D. Mich. 2011). The Commission alleges in the Complaint that currently, Onyx Capital and Onyx Fund hold approximately $155,000.00 in cash. (Comp., ¶ 27) The three pension funds made contributions to the Onyx Fund of approximately $23.8 million between June 2007 and June 2009. (Comp., ¶ 24) The affidavit of Edward W. Holland, Staff Accountant for the Commission, summarized the numerous transactions between the various entities controlled by Dixon, including Dixon's personal bank accounts between June 2007 through December 2009, and including at least $3.3 million spent on home building and design costs for Dixon's real property. (Holland Aff., Doc. No. 3 at 9-15) The Commission has sufficiently alleged facts to show that an asset freeze is appropriate in this case to preserve funds for a potential disgorgement award and to show that Defendants dissipated the invested funds as alleged by the Commission.

Dixon has not cited any law to support his request to use frozen funds to pay for his legal

defense. The Preliminary Injunction Order agreed to by Dixon only allowed Dixon to request lifting the asset freeze for reasonable living expenses. There is no provision which allows the asset freeze to be lifted to pay for any legal defense. Dixon waived his right to appeal the Preliminary Injunction Order.

A district court may exercise its discretion to limit or deny attorney fees paid from frozen assets. *CFTC v. Morse,* 762 F.2d 60, 63 (8th Cir. 1985); *CFTC v. Noble Metals Int'l, Inc.,* 67 F.3d 766, 775 (9th Cir. 1995). Considerations weighed by courts in determining whether to pay attorney fees from frozen funds include preserving the funds for defrauded victims and maintaining fairness in the legal proceedings. *SEC v. Dowdell,* 175 F.Supp.2d 850, 855-56 (W.D. Va. 2001). Preserving funds for victims of the fraud weighs heavy where the frozen funds are insufficient to compensate defrauded victims. *U.S. S.E.C. v. Petters,* 2010 WL 4922993 *2 (D. Minn. Nov. 29, 2010)(unpublished). Courts have held that a defendant in a securities action cannot use the victims' assets to hire counsel. *See, S.E.C. v. Quinn,* 997 F.2d 287, 289 (7th Cir. 1993); *SEC v. Cherif,* 933 F.2d 403, 417 (7th Cir. 1991). In a criminal trial, the Sixth Amendment guarantees a defendant a right to counsel. *See Wheat v. United States,* 486 U.S. 153, 164 (1988). However, a criminal "defendant has no Sixth Amendment right to spend another person's money rendered by an attorney, even if those funds are the only way that defendant will be able to retain the attorney of his choice" since the funds are tainted by his fraud. *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624-26 (1989).

Based on the Complaint and the affidavit submitted by the Commission, the Commission has sufficiently shown that any funds remaining in Dixon's control are tainted with fraud. Preserving the remaining funds, which as alleged by the Commission is insufficient to compensate the victims,

weighs heavy in favor of denying Dixon's request. In addition, Dixon agreed to the Preliminary Injunction Order which contains no provision for Dixon to request relief from the asset freeze to pay for his legal fees. Dixon's request to lift the asset freeze to pay attorney fees is denied.

### B.     Motions for Indemnification

Dixon seeks indemnification for attorney fees pursuant to Section 6.10 of the Partnership Agreement. The Commission opposes the motions asserting that the same provision provides that Dixon is entitled to indemnification only if he acted in good faith and has not engaged in negligent or willful misconduct. Both parties raise the same arguments regarding the asset freeze order addressed in the related motion to lift the asset freeze order.

Section 6.10 of the Partnership Agreement states,

> The Partnership shall indemnify each of the General Partner, the Advisory Committee members ... and, unless otherwise determined by the General Partner in its sole discretion, each of the General Partner's members, managers, shareholders, directors, officers, employees, agents, advisors, assigns, representatives and affiliates ... against any claims, losses, liabilities, damages, costs or expenses (including, without limitation, attorney fees, judgments and expenses in connection therewith and amounts paid in defense and settlement thereof) to which the General Partner or any of such Persons may directly or indirectly become subject in connection with the Partnership, or the Parallel Fund or in connection with any involvement with a Portfolio Company ..., except to the extent that the General Partner or such Person (a) failed to act in good faith or (b) was either negligent or engaged in willful misconduct ...

(Partnership Agreement, § 6.10) Delaware law governs the interpretation of this Partnership Agreement. (Partnership Agreement, § 13.3) When indemnification is conditioned upon the conduct of the indemnitee, whether the potential indemnitee is entitled to indemnification generally cannot be determined until after the merits of the underlying controversy are decided. *Majowski v. Am. Imaging Mgmt. Serv., LLC,* 913 A.2d 572, 586 (Del. Ch. 2006).

6

Given that the merits of this case have yet to be determined, the request for indemnification is premature. Dixon is essentially requesting a lifting of the asset freeze. For the reasons set forth above, such a request is denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Partial Lifting of the Asset Freeze Order **(Doc. No. 45, filed 10/22/2010)** is DENIED.

IT IS FURTHER ORDERED that the Motions for Indemnification for General Partners of Onyx Capital Advisors, LLC **(Doc. No. 52, filed 7/19/2011 and Doc. No. 53, filed 7/27/2011)** are DENIED without prejudice.

s/Denise Page Hood
United States District Judge

Dated: September 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

7