UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

Case No. 10-11633

v.

HONORABLE DENISE PAGE HOOD

ONYX CAPITAL ADVISORS, LLC,
ROY DIXON, JR. and MICHAEL A. FARR,

    Defendants.
_____/

**ORDER REGARDING VARIOUS MOTIONS FILED BY THE PARTIES,
SETTING BRIEFING AND HEARING DATE AS TO PENDING MOTIONS
and
NOTICE AS TO ONYX CAPITAL ADVISORS, LLC FOR POSSIBLE JUDGMENT**

**I.  INTRODUCTION**

This matter is before the Court on various motions filed by the parties. The parties appeared at a hearing before the Court and the Court issued its ruling on the record on March 14, 2012.

**II.  SEC'S MOTION FOR DEFAULT JUDGMENT AS TO ONYX CAPITAL**

For the reasons set forth on the record and below, the Court denies without prejudice the United States Securities and Exchange Commission "SEC" motion for entry of default judgment against Onyx Capital Advisors LLC ("Onyx Capital").

The SEC moves for an order directing the Clerk to enter a default against Onyx Capital Advisors, LLC under Rule 55(a) of the Rules of Civil Procedure. Upon entry of a default by the Clerk, the SEC seeks a default judgment under Rule 55(b) to be entered against Onyx Capital. Since its counsel withdrew, no counsel has appeared on behalf of Onyx Capital. The SEC claims that Onyx Capital has not provided the Commission with initial disclosures as required by Rule 26(a)

and has not participated in any discovery.

The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) states that a party must apply to the Court for a default judgment. The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

In this case, Onyx Capital filed an Answer to the Complaint. It is noted that Rule 55(a) provides that it is the "clerk" who must enter the party's default. Since Onyx Capital has filed an Answer, Onyx Capital cannot be defaulted. See Fed. R. Civ. P. 7(a)(2). Because a Clerk's Entry of Default under Rule 55(a) is not appropriate in this case, the Court cannot grant default judgment against Onyx Capital under Rule 55(b)(2). It appears the SEC is moving for sanctions under Rule 37 for failure to provide or participate in discovery. However, the SEC has not so moved under Rule 37. Even if the SEC so moved, the SEC must first file a specific motion to compel requested discovery. Fed. R. Civ. P. 37(a)(3). Only if opposing party fails to abide by a court order to compel may a party file sanctions, including a default judgment against the opposing party. Fed. R. Civ. P. 37(b)(2). The SEC has not filed a motion to compel discovery from Onyx Capital and this Court has not issued any order compelling Onyx Capital to provide discovery. The Court denies, without prejudice, the SEC's Motion for Default Judgment as to Onyx Capital.

### III.    ROY DIXON'S MOTION FOR CLARIFICATION OF THE COURT'S PRELIMINARY INJUNCTION ORDER

For the reasons set forth on the record and below, the Court grants Roy Dixon's ("Dixon") Motion for Clarification, but denies the relief requested by Dixon.

Dixon filed the instant motion seeking clarification of the Court's April 23, 2010 Order granting in part and denying in part Motion for Temporary Restraining Order. It is noted that the Court has since entered a Preliminary Injunction Order agreed to by Dixon dated June 4, 2010. The June 4, 2010 Order governs the asset freeze matter, not the April 23, 2010 Order. The portion of the April 23, 2010 Order at issue is found in Section (G) which states,

> [A]ll funds and other assets of the Defendants, including without limitation all funds and other assets held in the name of any Defendant, all funds and other assets held for the benefit of any Defendant and all funds and other assets under the direct or indirect control of any Defendant, are hereby frozen, until the Court's adjudication of this case on its merits or until otherwise ordered by the Court.

(Motion, p. 1) Dixon asserts that any monies earned by Dixon subsequent to the April 23, 2010 date are not subject to the asset freeze order.

The SEC responds that the motion is untimely since the motion was filed in January 2012 and the Order was entered on June 4, 2010. The SEC notes that the asset freeze portion of the order provides that Dixon is allowed to seek modification of the order for living allowances, but has not filed such a motion since the Order was entered. The SEC claims that the bankruptcy proceeding filed by Dixon disclosed that during 2011, Dixon earned between $2,800 and $9,500 per month from his insurance brokerage business. The SEC claims that Dixon has not offered a full explanation or accounting of his total earnings, the sources of that income, and his expenditures of the funds. The SEC concedes that it is appropriate for Dixon to make this motion, but it contends that Dixon should have brought this issue before the Court before Dixon began earning income after the imposition of

the asset freeze. The SEC argues that the Order is unambiguous in that the freeze applies to "all funds and other assets" of Defendants Dixon and Onyx Capital, "including without limitation" the funds held in the name or benefit of either defendant. The SEC claims that the Order is not limited to funds held at the time of the Court's Order or the phrase "without limitation" would be devoid of any meaning. The SEC asserts that one of the purposes of an asset freeze is to provide a fund for payment of disgorgement in the event that the Commission prevails, citing *SEC v. ETS Payphones,* 408 F.3d 727, 734-35 (11th Cir. 2005).

In his motion, Dixon does not identify the assets at issue, other than noting that all funds earned after the April 23, 2010 preliminary Order should not be covered by the asset freeze order.

The SEC has the burden of showing the amount of assets subject to disgorgement, and available for freeze. The burden is only to show "[a] reasonable approximation of a defendant's ill-gotten gains ... Exactitude is not a requirement." *ETS Payphones, Inc.,* 408 F.3d at 735. The asset freeze order does not have a temporal limit indicating that assets obtained by Dixon "after" the entry of the Order was not subject to the asset freeze. It is the approximation of a defendant's ill-gotten gains which measures the amount of the assets subject to disgorgement, not the source of the assets. *Id.* The Court clarifies that its order applies without limitation to all of Dixon's assets whenever obtained.

**IV.    ROY DIXON'S MOTION FOR APPOINTMENT OF COUNSEL**

For the reasons set forth on the record and below, the Court denies without prejudice Dixon's request for appointment of counsel.

Dixon seeks appointment of counsel on his behalf and on behalf of Onyx Capital. Although the SEC asserts that appointment of counsel for Onyx Capital may be helpful, the SEC opposes the

motion as to Dixon indicating that under the *in forma pauperis* statute, Dixon is not entitled to counsel since he is unable to demonstrate he cannot afford to hire his own counsel. The SEC submitted evidence showing that Dixon has earned anywhere between $2,800 to $9,580.45 per month through November 2011. (Ex. 2, SEC's Resp.)

A federal court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Parties in civil proceedings, such as this case, do not have a constitutional right to an attorney, and a court will appoint counsel only in exceptional circumstances. *Lanier v. Bryant,* 332 F.3d 999, 1006 (6th Cir. 2003). Appointment of counsel is a privilege that is justified only in exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 604-05 (6th Cir. 1993). Examining the pleadings and documents in the file, the court must analyze the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and the ability to present the claims. *Henry v. City of Detroit Manpower Dep't,* 763 F.2d 757, 760 (6th Cir. 1985).

Although the allegations at issue may be complicated, Dixon has appeared each time the Court has held a conference or a hearing, has argued on his own behalf and appears to know the facts at issue. Dixon initially was represented by counsel. Based on the SEC's submissions from the bankruptcy action filed by Dixon, it appears that Dixon is not a pauper. Dixon has not submitted the appropriate affidavit indicating he is a pauper (although it is noted that generally it is a plaintiff in a case which submits such an affidavit, which is available in the Clerk's Office). At this time, the Court does not find exceptional circumstances exist. Dixon may request appointment of counsel only upon completion of an affidavit showing his financial inability to obtain counsel.

**V.   CONCLUSION AND BRIEFING SCHEDULE**

For the reasons set forth above and on the record,

IT IS ORDERED that Plaintiff's Motion for Default Judgment as to Onyx Capital Advisers, LLC **(#79, 1/12/2012)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant Roy Dixon's Motion for Clarification re Order on Motion for Temporary Restraining Order **(#84, 1/13/2012)** is GRANTED IN PART in that the Court clarified its Order as noted above, but DENIED IN PART as to the relief requested.

IT IS FURTHER ORDERED that Defendant Roy Dixon's Motion to Appoint Counsel **(#85, 1/13/2012)** is DENIED without prejudice.

IT IS FURTHER ORDERED that the following briefing scheduled governs Plaintiff's Motion for Summary Judgment as to Roy Dixon and Onyx Capital Advisers, LLC **(#83, 1/12/2012)**:

>A response by Dixon or Onyx Capital must by filed by:   **April 5, 2012**
>A reply by Plaintiff must be filed by:   **April 23, 2012**

IT IS FURTHER ORDERED that the following supplemental briefing schedule governs Plaintiff's MOTION for Order Modifying Asset Freeze order **(#91, 2/7/2012)**:

>Plaintiff must file its supplemental briefing/documents by:   **April 5, 2012**
>A response by Dixon must be filed by:   **April 23, 2012**
>A reply by the Plaintiff must be filed by:   **April 30, 2012**

IT IS FURTHER ORDERED that a hearing on Plaintiff's Motion for Summary Judgment and Motion for Order Modifying Asset Freeze Order, along with a status conference, is set for **May 4, 2012, 2:00 p.m.**

IT IS FURTHER ORDERED that failure by counsel to appear on behalf of Onyx Capital by May 4, 2012 may result in a judgment against Onyx Capital.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager