UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ONYX CAPITAL ADVISORS, LLC,
ROY DIXON, JR. and MICHAEL A. FARR,

    Defendants.
_____/

Case No. 10-11633

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION TO STAY PENDING APPEAL
## AND
## DENYING REQUEST AND APPLICATION TO PROCEED
## WITHOUT PREPAYING FEES OR COSTS

**I.    BACKGROUND**

This matter comes before the Court on Defendant Roy Dixon, Jr.'s Motion to Stay the Judgment pending appeal and Application to Proceed Without Prepaying Fees or Costs on Appeal.

On January 31, 2014, the Court entered a Judgment and Order finding in favor of the Plaintiff United States Securities and Exchange Commission against Defendants Onyx Capital Advisors, LLC, Roy Dixon, Jr. and Michael A. Farr. (Doc. Nos. 147, 148) On March 31, 2014, Dixon filed a Notice of Appeal of the Court's January 31, 2014 Judgment and Order. (Doc. No. 151) Dixon seeks to stay the

Judgment pending appeal and to proceed on appeal without prepaying fees or costs.

## II. STAY PENDING APPEAL

Dixon, in a two-sentence motion, seeks to stay the Court's Order and Judgment issued January 31, 2014. The SEC responds Dixon has not shown he is entitled to a stay pending appeal.

Rule 8(a) of the Federal Rules of Appellate Procedure provides that a party seeking a stay of an order must first request a stay from the district court. The following four factors are weighed in order to determine whether a stay pending appeal should be issued: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent the stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors should be balanced in light of the overall circumstances of the case. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985).

As to the likelihood that Dixon will prevail on the merits on appeal, the Court finds that Dixon has not shown that he will prevail on the merits on appeal. In its Order granting summary judgment in favor of the SEC, the Court set forth the SEC's evidence against Dixon. The Court found that Dixon's submissions in opposition to

the summary judgment motion were self-serving, conclusory and did not create a genuine issue of material fact. (Doc. No. 117, p. 15)

Regarding the irreparable injury showing, Dixon has not set forth the injuries he will suffer should the Court stay the matter pending appeal. Injuries in terms of money, however substantial, time and energy necessarily expended in the absences of a stay are not enough. *Sampson v. Murray,* 415 U.S. 61, 90 (1974).

At to harm to others and public interest, the Court finds that in light of the allegations in the SEC complaint and the Court's findings in its Orders, this factor weighs in favor of the SEC and the public interest to proceed with collection of the Judgment as soon as practicable. It is noted that the SEC recognizes it cannot execute on the monetary judgment until Dixon's personal bankruptcy case has been completed and the automatic stay imposed by Section 362 of the Bankruptcy Code has been lifted.

After weighing the factors required to stay the matter pending appeal, the Court finds that Dixon has failed to carry his burden that a stay is required. The Court denies Dixon's motion to stay the matter pending appeal.

### III. APPLICATION TO PROCEED WITHOUT PREPAYING FEES/COSTS

Pursuant to 24(a)(1) of the Rules of Appellate Procedure, a party seeking to appeal *in forma pauperis* must file a motion in the district court and must file an

affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed.R.App.P. 24(a)(1); *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999). After the required information has been filed under Rule 24(a)(1), the district court must ascertain both the individual's pauper status and the merits of the appeal. *Callihan*, 178 F.3d at 803.

Dixon did not file the form set forth in Form 4 as required by the Court of Appeals. Dixon did submit an "Application to Proceed in the District Court," which is not as detailed as Form 4. Based on the Application submitted by Dixon, it appears Dixon has shown pauper status. As required by the Rule 24(a), the Court must ascertain the merits of the appeal. For the reasons set forth above, the Court finds Dixon has not shown that his appeal has any merit.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Roy Dixon, Jr.'s Motion to Stay Pending **[Doc. No. 152]** is DENIED.

IT IS FURTHER ORDERED that Defendant Roy Dixon, Jr.'s Request and Application to Proceed Without Prepaying Fees or Costs on Appeal **[Doc. Nos. 153 and 157]** are DENIED.

        s/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: July 1, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 1, 2014, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager